97 N.J. Super. 501 (1967)
235 A.2d 480
ROBERT E. McDONALD AND SARAH S. McDONALD, PLAINTIFFS-APPELLANTS,
v.
THE HOME INSURANCE COMPANY, A NEW YORK CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1967.
Decided November 10, 1967.
*502 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Sheldon B. Brand argued the cause for appellants (Messrs. Wharton, Stewart & Davis, attorneys; Mr. Richard H. Thiele, Jr., on the brief).
Mr. Richard J. Badolato argued the cause for respondent (Messrs. Schneider & Morgan, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
The McDonalds sued the Home Insurance Company (Home) upon a "Homeowner's Policy" alleging that thereunder Home was obliged to defend them against an action by Walter Edward Dorman, Sr., individually and as general administrator and administrator ad prosequendum of the estate of Walter Edward Dorman, Jr., deceased (Dorman) for damages for the death of his son. Home's motion for summary judgment was granted and the McDonalds appeal.
Dorman's action against the McDonalds alleged that they were the parents of an unemancipated infant son, Mickey, who resided with them; that they "did exercise control over the said Mickey * * *" whom they knew "to be a careless and reckless and incompetent driver" and "to operate motor vehicles with willful, wanton and reckless disregard for the safety of others" and "to consume alcoholic beverages in excess and to operate motor vehicles while under [their] influence * * *" and "to be irresponsible towards the property of his own and others, and to disregard the law and the rights and safety of others"; that the McDonalds "had the ability to control * * * Mickey * * * and knew * * * of the necessity for exercising said control * * * and * * * had the opportunity * * *" to do so; that "they failed to exercise reasonable care * * * to control * * * Mickey * * * *503 in that they caused and permitted the purchase of an automobile for the said Mickey," registered in his name, knowing that his use of the automobile "was likely to result in the injury to another as a natural and probable consequence"; that the McDonalds were negligent in that "they took no reasonable or timely steps to protect the said * * * Dorman, Jr. * * * from the negligence of * * * Mickey * * * or from his known propensities and bad driving habits * * *," and as a result Mickey, with Dorman, Jr., as a passenger, drove into a tree, killing the latter.
The policy provided that Home would "defend any suit against the insured * * * even if such suit is groundless, false or fraudulent * * *." The McDonalds called upon Home to defend them against the Dorman suit, but Home refused on the ground that the policy provided it did not apply "to the ownership, maintenance, operation, use, loading or unloading of automobiles while away from the premises * * *."
The McDonalds then retained counsel to defend them against the Dorman action. In due course that action was settled for $2,000. The McDonalds then instituted this action to recover the $2,000 plus $2,903.02, the cost of defending that action. Home has stipulated that it does not dispute the propriety or reasonableness of these disbursements and, if it was obliged to defend the McDonalds, judgment may be entered against it for $4,903.02.
We hold that Home was obliged to defend the McDonalds against the Dorman action. The action against the McDonalds was not based upon "the ownership, maintenance, operation, use, loading or unloading of * * * automobiles * * *," even though the immediate cause of the injury and death of Dorman, Jr. was Mickey's operation of the automobile. The action was based upon their alleged negligence in failing to supervise and control their child, knowing of his violent and dangerous habits. The theory upon which the complaint was framed is not novel. Zuckerbrod v. Burch, 88 N.J. Super. 1, 5 (App. Div. 1965); see also Stoelting v. *504 Hauck, 56 N.J. Super. 386, 402-403 (App. Div. 1959), reversed on other grounds 32 N.J. 87 (1960); Annotation, 36 A.L.R.2d 782 (1959); Restatement, Torts 2d, §§ 308, 316. The details of the alleged negligence were spelled out in the complaint and included causing and permitting Mickey to purchase and operate the automobile, but nowhere was it alleged that the McDonalds owned, maintained, operated or used the automobile, or that the automobile was negligently driven by them or their agent.
In short, regardless of the truth of its allegations, there was nothing in the Dorman complaint which brought the claim within the policy exclusion. And, as the policy expressly provides, even if the Dorman action were "groundless" in law or "false or fraudulent" in fact, Home was required to defend the McDonalds against it. As Judge (now Justice) Francis said in Danek v. Hommer, 28 N.J. Super. 68, 77 (App. Div. 1953), affirmed o.b. 15 N.J. 573 (1954): "Liability of the insured to the plaintiff is not the criterion; it is the allegation in the complaint of a cause of action which, if sustained, will impose a liability covered by the policy."
We hold that here the complaint did allege a cause of action covered by the policy, and we reverse. Pursuant to the stipulation above mentioned, we remand the case to the trial court with direction that it enter judgment in favor of plaintiffs for $4,903.02 with interest and costs.