763 A.2d 792 (2000)
Melodie OWENS and Carol Jean Powell, Plaintiffs-Appellants,
v.
The PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY OF NEW JERSEY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 2000.
Decided December 26, 2000.
*793 Stephen P. Pazan, Cherry Hill, argued the cause for appellants (Mr. Pazan, on the brief).
Randi S. Greenberg, Matawan, argued the cause for respondent (Robert A. Auerbach, Murray Hill, attorney; Ms. Greenberg, of counsel and on the brief).
Before Judges HAVEY, WEFING and CUFF.
The opinion of the court was delivered by HAVEY, P.J.A.D.
Plaintiff Melodie Owens was a passenger on a motorcycle operated John R. Peiffer, II. She sustained injuries when the motorcycle collided with a vehicle owned by Kenneth Udowiczyk and operated by Natalie Vacca. Owens and her mother, Carol Jean Powell, instituted suit against Peiffer and Vacca. They alleged that Peiffer's and Vacca's negligent operation of their vehicles proximately caused their collision and her resulting injuries. They also alleged that Peiffer negligently and carelessly "provided and entrusted" to Owens a defective, "unapproved" and "unreasonably dangerous" helmet, which Owens was wearing at the time of the accident, resulting in her "enhanced personal injuries." Peiffer had purchased the "defective" helmet several days before the accident and had given it to Owens.
Plaintiffs settled with Vacca and Udowiczyk for $250,000. Vacca's automobile insurance carrier paid its policy limits of $100,000 as part of the settlement. Plaintiffs filed this declaratory judgment action against defendant Prudential Property and Casualty Insurance Company of New Jersey (PRUPAC) which provided homeowner's coverage to Peiffer at the time of the accident.
The policy provides:
If a claim is made or suit is brought against any insured for damages because *794 of bodily injury or property damage to which this coverage applies, we will:
a. pay up to our limit of liability for the damages for which the insured is legally liable; and
b. provide a defense at our expense....
An exclusion under the policy provides that "[w]e do not cover bodily injury or property damages ... arising out of ... the ownership, maintenance, use, loading or unloading of any ... motor vehicle...." The motorcycle in question falls within the definition of "motor vehicle" as defined in the policy. Plaintiffs claim that the act of "negligently or recklessly providing the helmet to Plaintiff" constituted a covered act.
On the parties' cross-motions for summary judgment, the trial court dismissed plaintiffs' complaint, finding that "the accident in question was a motor vehicle accident, whether the injuries were expected or enhanced, the injuries arose out of the use of a motor vehicle." Acknowledging that there may be instances where there may be concurrent coverage under an automobile and homeowner's policy, the court nevertheless found that this was not such an instance because "a non-party vehicle related cause" did not contribute to or enhance the damages suffered by plaintiff.
On appeal, plaintiffs argue that the negligent act of providing and entrusting the motorcycle helmet to Owens "is a separate and distinct tort from any negligence associated with operating the motor vehicle." Thus, concurrent coverage must be provided under Vacca's automobile policy and PRUPAC's homeowner's policy issued to Peiffer. We reject the contention and affirm.
We have construed the phrase "arising out of" in this context in a broad and comprehensive sense to mean "originating from" or "growing out of" the use of the automobile. Westchester Fire Ins. Co. v. Continental Ins. Cos., 126 N.J.Super. 29, 38, 312 A.2d 664 (App.Div.1973), aff'd, 65 N.J. 152, 319 A.2d 732 (1974).
[T]here need be shown only a substantial nexus between the injury and the use of the vehicle.... The inquiry should be whether the negligent act which caused the injury, although not foreseen or expected, was in the contemplation of the parties to the insurance contract a natural and reasonable incident or consequence of the use of the automobile....

[Ibid.]
Generally, the "arising out of" language in automobile and homeowner's policies "is mutually exclusive and that, as used in the homeowner's policy, is specifically designed to exclude the coverage provided under language in the standard family automobile policy for injuries arising out of the use of the motor vehicle insured thereunder." Id. at 41-42, 312 A.2d 664. Nevertheless, relying on Salem Group v. Oliver, 128 N.J. 1, 607 A.2d 138 (1992), plaintiffs argue for concurrent coverage.
Salem involved a carrier's duty to defend under a homeowner's policy where the plaintiff, a minor, consumed alcoholic beverages provided by the insured and was thereafter injured while operating the insured's all-terrain vehicle (ATV). See Salem Group v. Oliver, 248 N.J.Super. 265, 267, 590 A.2d 1194 (App.Div.1991), aff'd, 128 N.J. 1, 607 A.2d 138 (1992). The Court held that the carrier owed a duty to defend against the fifth count of plaintiff's complaint charging social-host liability. 128 N.J. at 3, 607 A.2d 138. The Court found that the carrier had a general obligation to defend against the social-host liability claim despite the fact that "operation of the all-terrain vehicle ... constitutes an additional cause of the injury" to plaintiff. Ibid. It distinguished cases which held that claims of negligent supervision or entrustment of a vehicle fall within the "arising out" exclusion under the homeowner's policy, id. at 4-5, 607 A.2d 138, observing that "[t]hose opinions proceed *795 on the assumption that the negligent entrustment or supervision of a motor vehicle is intertwined with the ownership and operation of the motor vehicle." Ibid. In contrast:
the serving of alcohol to a minor does not depend on the insured's ownership of a motor vehicle or its entrustment to another. One need not own a motor vehicle to serve alcohol to another. If [the insured] had provided alcohol to [the minor] knowing that [the minor] was about to operate [his] own vehicle or that of a third party, [the insured] could still be exposed to social host liability. In the present case, the fifth count of [the minor's] complaint does not allege negligent entrustment or supervision or any other act that depended on [the insured's] ownership or use of the ATV. Instead, that count alleges a basis for liability in addition to [the minor's] use of the ATV.

[Id. at 5, 607 A.2d 138.]
Unlike the facts in Salem, we are not dealing here with an independent, discrete act of negligence (such as service of alcohol to a minor) unrelated to the use or operation of a motor vehicle. Peiffer's entrustment of the "defective" helmet to Owens was directly related to the use of a motor vehicle; it was provided to her with the expectation that she would wear it while occupying a moving motorcycle. The helmet had no other purpose. In fact, the operation or riding upon a motorcycle is prohibited unless the user is wearing a protective helmet. N.J.S.A. 39:3-76.7. Therefore, while one "need not own a motor vehicle to serve alcohol to another," Salem, supra, 128 N.J. at 5, 607 A.2d 138, one must wear a protective helmet to ride on a motorcycle. Owens adhered to the mandate of the motor vehicle laws and sustained her injuries in an accident arising out of the use and operation of a motor vehicle.
The facts before us are more akin to cases where the insureds had negligently entrusted their vehicle to another. Indeed, in plaintiffs' underlying complaint against Peiffer, they claimed that he had negligently and carelessly "provided and entrusted " to Owens the defective helmet. (Emphasis added). For example, in Williamson v. Continental Cas. Co., 201 N.J.Super. 95, 492 A.2d 1028 (App.Div. 1985), we found no coverage under a homeowner's policy where the claim was that the insured negligently entrusted his vehicle to his son who struck plaintiff while operating the vehicle. Id. at 96, 492 A.2d 1028. We observed that the father's negligent entrustment of the vehicle to his son "was an aspect of [the father's] ownership or use of the car." Id. at 99, 492 A.2d 1028. Because there would be no liability on the father's part for negligent entrustment but for the son's negligent use of the car, the negligent entrustment claim was subsumed in the acts of use and operation of the vehicle, acts clearly falling within the exclusion clause under the homeowner's policy. Id. at 100, 492 A.2d 1028. Accord Allstate Ins. Co. v. Moraca, 244 N.J.Super. 5, 7-10, 581 A.2d 510 (App.Div. 1990); Scarf, v. Aetna Cas. & Sur. Co., 233 N.J.Super. 509, 515-16, 559 A.2d 459 (App. Div.1989); see also Home State Ins. Co. v. Continental Ins. Co., 313 N.J.Super. 584, 593, 713 A.2d 557 (App.Div.) (student's injuries from assault by other passengers on school bus arose out of ownership or use of motor vehicle), aff'd, 158 N.J. 104, 726 A.2d 1289 (1999).
So here. "`Coverage does not turn on the legal theory under which liability is asserted, but on the cause of the injury.'" Scarfi, supra, 233 N.J.Super. at 519, 559 A.2d 459 (quoting Fidelity & Guar. Ins. Underwriters, Inc. v. Mc-Manus, 633 S.W.2d 787 (Tex.1982)). Proximate cause has a different meaning in insurance cases from the meaning applied in tort actions. The court does not concern itself with the question of culpability or why the injury occurred, "but only with the nature of the injury and how it happened." 43 Am.Jur.2d Insurance, § 463 at 526 (2d ed.1982). Here, the "cause" of *796 the accident was rooted in the negligent operation or use of a car or motorcycle, or both. As such, a "substantial nexus" existed between the claimant's injuries and operation and use of a motor vehicle. Westchester, supra, 126 N.J.Super. at 38, 312 A.2d 664.
Affirmed.