George R. TORRES, Appellee,

v.

**SENTRY INSURANCE, a Mutual Company,**
**Appellant.**

No. 48923.

Supreme Court of Oklahoma.

Dec. 28, 1976.

Rex K. Travis, Oklahoma City, for appellee.

King & Robert by Tom L. King, Oklahoma City, for appellant.

DAVISON, Justice:

In 1972, appellee Dr. George R. Torres was sued in the District Court of Oklahoma County for medical malpractice. After Dr. Torres was successful in defending that suit he brought an action against appellant, Sentry Insurance Company, alleging that under certain provisions of a homeowner's insurance policy issued by Sentry Insurance to Dr. Torres, the insurance company had an obligation to provide a defense in the medical malpractice suit.

The doctor's suit against Sentry was submitted to the trial court on a stipulated set of facts in which the parties stipulated as to the content of the insurance policy, that the policy was in full force and effect when the malpractice suit arose and was commenced, and that the cost of defending the malpractice suit totaled $1,546.35 which the parties stipulated was a reasonable attorney fee.

Subsequently, the trial court entered judgment against the insurance company for the $1,546.35 cost of defense and for additional attorney fees in the suit on the contract. Appellant insurance company appeals from that judgment. On October 25, 1976, upon motion by appellant and upon the unexercised omission by appellee to respond to such motion, this Court ordered that the appeal be considered on the record and on the brief of the appellant only.

In his petition, Dr. Torres relies upon the following language in the insurance policy:

"This Company shall have the right and duty, at its own expense, to defend any suit against the insured seeking damages on a count of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient."

Appellant insurance company in its brief is quick to point out that the policy in question is a homeowner's policy which is primarily designed for exposures incidental to home ownership and personal hazards outside of business risks that are not normally covered by other contracts of insurance and that the homeowner's policy, like all policies of insurance, provides general coverage for liabilities restricted expressly by exclusionary provisions.

Then, appellant calls this Court's attention to "Exclusions, subsection 1(c), (d), as modified by an endorsement to the policy entitled, "Office, Professional, Private School or Studio Occupancy, Described Residents Premises Only." The exclusions read as follows:

"This policy does not apply:
1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others.
*   *   *   *   *   *
(c) to bodily injury or property damage arising out of the rendering of or failure to render professional services of any nature including, but not limited to any architectural, engineering, or industrial design services, any medical, surgical, dental or other services or treatments inducive to the health of persons or animals and any cosmetic or tonsoril services or treatment;

(d) to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits or to the occupancy described above."

In *Wiley v. Travelers Insurance Company,* Okl., 534 P.2d 1293 (1975), this Court, in interpreting a "business pursuit exclusion" in a homeowner's policy, held that the homeowner's policy did not afford coverage for bodily injury and property damage sustained in an attack by one of the homeowner's dogs, when the homeowner bred, raised and sold dogs for profit, and when the injured party was at the homeowner's premises in response to a classified ad advertising puppies for sale. In that case, we stated:

"In construing an insurance contract, its terms and words, if unambiguous, must be accepted in their plain, ordinary and popular sense. *Penley v. Gulf Ins. Co.,* Okl., 414 P.2d 305 (1966). Parties to insurance contract are at liberty to contract for insurance to cover such risks as they see fit and are bound by terms of contract and courts will not undertake to rewrite terms thereof. The construction of an insurance policy should be a *natural* and *reasonable* one, fairly construed to effectuate its purpose, and *viewed in the light of common sense so as not to bring about an absurd result.*" [Emphasis added]

A reading of the exclusionary language quoted above and the policy as a whole makes it quite evident that the policy was not meant to cover acts or alleged acts of professional misconduct. Clear, unambiguous exclusionary language demonstrates that it was not the intent of the policy to provide coverage to Dr. Torres for action arising out of his rendering or failing to render professional services as a physician; indeed, the exclusionary language explicitly excludes mental, surgical or dental services or treatment.

Accordingly, we hold that the policy involved was inapplicable to the malpractice action brought against the Doctor. This being so, Sentry had no duty to provide a defense to the malpractice action, for, as we held in *United States Fidelity & Guar-*

*anty Co. v. Briscoe,* 205 Okl. 618, 239 P.2d 754 (1952), a liability insurer is not obligated to defend a groundless suit against the insured when the insurer would not be liable under its policy for any recovery in such suit.

Because, as a matter of law, Sentry Insurance Company did not have a duty to provide a defense to the malpractice action, we reverse the judgment rendered in the trial court, including the provisions for attorney fees in the action, which we deem unnecessary to discuss in light of our disposition, and order that judgment be entered for Sentry Insurance Company.

REVERSED AND REMANDED WITH INSTRUCTIONS.

WILLIAMS, C. J., HODGES, V. C. J., and LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in results.