MUTUAL SERVICE CASUALTY INSURANCE COMPANY,
Plaintiff,

v.

Joseph KOENIGS, Defendant,

Edward J. KOENIGS, Lois L. Koenigs and Heritage Mutual
Insurance Company, Defendants-Appellants-Petitioners,

The PRUDENTIAL INSURANCE COMPANY OF NORTH
AMERICA, Defendant-Respondent.

Supreme Court

*No. 81–425.  Argued November 1, 1982.—Decided February 3, 1983.*

(Also reported in 329 N.W.2d 157.)

For the defendants-petitioners there were briefs and oral argument by *Robert C. Hahn,* Sheboygan.

For the defendant-respondent there was a brief by *Stuart B. Eiche* and *deVries, Vlasak & Schallert, S.C.,* Milwaukee, and oral argument by *Mr. Eiche.*

HEFFERNAN, J. This is a review of a decision of the court of appeals which affirmed a summary judgment of the circuit court dismissing Prudential Insurance Company as a defendant in this action. [1]

We affirm the court of appeals decision. This case poses the same substantive issue which we found to be determinative in *Bankert v. Threshermen's Mutual Ins. Co.* (No. 80–2058) of even date herewith. As in *Bankert,* and under substantially similar facts, at least as such facts must be considered on summary judgment, we conclude that Prudential's homeowners liability policy, in light of the exclusion therein, did not afford coverage for an automobile accident which ensued after Edward and Lois Koenigs negligently entrusted their automobile to their son Joseph or negligently failed to control him in respect to the automobile prior to the accident. As we did in *Bankert,* we assume the negligence of the parents in these two respects only for the purpose of determining coverage by the liability insurer. Because the case has

[1] The action was brought in the circuit court for Ozaukee county, Walter J. Swietlik, Circuit Judge. The summary judgment of the circuit court was affirmed in an unpublished opinion of the court of appeals filed March 19, 1982.

not been tried, negligence has not been proved for ultimate liability purposes.

David Knapmiller, age sixteen, was injured in an accident on November 6, 1976, while a passenger in an automobile owned by Edward J. and Lois Koenigs and driven by their thirteen-year-old son Joseph. David sustained severe injuries, which were compensated by Mutual Service Casualty Insurance Company, his parents' automobile insurer, under their uninsured motorist coverage.

Mutual Service commenced an action against Joseph, the thirteen-year-old driver, his parents, Edward and Lois Koenigs, their automobile liability insurer, Heritage Mutual Insurance Company, and their homeowners liability insurer, Prudential Insurance Company of North America.

The plaintiff, Mutual Service, alleges that the Koenigs failed to provide adequate supervision or control over their son and, therefore, were negligent in this respect. The facts alleged, which for the purposes of the present proceeding we assume to be true, are that the Koenigs permitted a group of teenagers to gather at their home when they were away, that they left the keys to a vehicle owned by Edward Koenigs and usually driven by Lois Koenigs on a key rack in the kitchen, and that Joseph, who was not a licensed driver took the keys, negligently drove the car away, and caused the injuries to young Knapmiller.

The plaintiff, Mutual Service, alleges the failure of the parents to control Joseph, and also that they entrusted Joseph with the car because they knew that the keys were available to him and they knew he was likely to operate the car. It is also alleged that they knew he was incapable of operating the car properly.

It is alleged that in all these respects Edward and Lois Koenigs were negligent and that their negligence was a proximate cause of David Knapmiller's injuries.

Thus, it appears that the plaintiff has alleged negligence in respect to negligent entrustment of the automobile and negligence in the control of a child. The negligence alleged is the same as that alleged in *Bankert*.

Prudential, which was joined as a party-defendant, denied coverage and moved for summary judgment dismissing it from the action, because automobile accident coverage here was excluded under the terms of its policy. It relied upon the following provisions of its homeowners policy which it had issued to Edward and Lois Koenigs:

"Coverage E—Personal Liability

"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence . . . ."

\* \* \*

"This policy does not apply:

"1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

"a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

"(1) any aircraft; or

"(2) any motor vehicle owned or operated by, or rented or loaned to any Insured, but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or

"(3) any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes.

"This exclusion does not apply to bodily injury to any residence employee arising out of and in the course of his employment by any Insured except while such

employee is engaged in the operation or maintenance of aircraft . . . ."

\* \* \*

"a. 'Insured' means:

"(1) the Named Insured stated in the Declarations of this policy;

"(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured . . . ."

The trial court found that the policy did not afford coverage for this accident and granted summary judgment to Prudential, dismissing it from the case.

Edward Koenigs, Lois Koenigs, and Heritage Mutual appealed Prudential's dismissal to the court of appeals. Prudential asserted that none of these parties had standing to appeal, because they never asserted a claim against Prudential, the respondent, and were not parties to the judgment dismissing Prudential from the action. The court of appeals denied the motion of Prudential based on appellants' lack of standing. We affirm the court of appeals' order.

Prior to the reorganization of the court system in 1977 and the consequent revision in the rules and statutes of appellate procedure, sec. 817.10, Stats., provided any judgment or order was reviewable by a "party aggrieved." This provision was omitted from the 1977 revision, because it was considered merely to state a fundamental and well understood concept upon which standing to appeal was predicated:

"The elimination of the phrase in the revisions of the statutes and rules was not intended to change the concept that a person had to be aggrieved by a judgment or order before he could appeal." Martineau and Malmgren, *Wisconsin Appellate Practice,* sec. 601 (1978).

It is because we find the Koenigs and their insurer were parties aggrieved by the judgment that we reject the contention they have no standing to appeal.

The very essence of the trial court's summary judgment was the determination that the Koenigs could not be indemnified for any damages they were required to pay to Mutual Service. This finding was the negation of the Koenigs' asserted claim for indemnity from their homeowners liability insurer, Prudential, a claim that was based upon their contract of insurance with Prudential. This would mean, should liability be imposed upon the Koenigs, that they would be personally liable for the damages to the extent they were not protected by their automobile liability insurer, Heritage Mutual. Accordingly, the judgment dismissing Prudential as a source of reimbursement for any liability that might be incurred by the Koenigs adversely affects their financial interest, and affects the rights which they claim to have under their contract of insurance with Prudential.

They clearly are parties aggrieved by the judgment. The holding of this court in *McCauley v. International Trading Co.*, 268 Wis. 62, 66 N.W.2d 633 (1954), though correct, is irrelevant to this case.

In *McCauley* it was held that there could be no appeal by one tortfeasor where there had been no cross-complaint for contribution against the alleged tortfeasor who was dismissed. This court therein said:

"Having demanded no relief against its codefendant and being entitled to none, the corporation is not aggrieved by the judgment which discharged that defendant from liability to the plaintiff. A party which is not aggrieved may not maintain an appeal." P. 67.

In *McCauley* only by virtue of the asserted claim that the dismissed party was a joint tortfeasor did the appealing party have standing to assert that it was aggrieved. Aside from such claim, it had no legally cognizable claim against the party dismissed.

In the instant situation, however, the Koenigs had a contractual interest assertable against Prudential, and unless they could appeal the dismissal of Prudential, they would be barred from asserting their contractual rights to coverage. They were parties aggrieved, and there was no requirement that they first cross-complain against Prudential. In respect to each other, the Koenigs and Prudential were not joint tortfeasors. Indeed, until Prudential is dismissed, the interests of the Koenigs and Prudential are congruent, if not identical.

Heritage's standing rests on a somewhat less secure ground. It is, however, the automobile liability insurer for the Koenigs. As such, it not only has a duty to pay in the event of established liability, but also has a duty to afford a good faith defense to the Koenigs. Its duty is akin to that of a fiduciary. *Alt v. American Family Mut. Ins. Co.,* 71 Wis. 2d 340, 347, 237 N.W.2d 706 (1976) ; *Anderson v. Continental Ins. Co.,* 85 Wis. 2d 675, 688, 271 N.W.2d 368 (1978).

In the event that Prudential's coverage is not applicable to this accident, then the Koenigs are exposed to liability in excess of that afforded by the Heritage policy. Heritage acknowledges that responsibility and asserts that it is Heritage's duty to join in the appeal and to affirmatively protect the Koenigs' interest against the possibility that Prudential's coverage will not protect the Koenigs. We do not in this case hold that it is the duty of Heritage to join in the appeal to protect its insured against excess liability, but we conclude that, having a duty to defend its insured who is clearly an aggrieved party, it comports with good public policy to allow Heritage to appeal. We agree with the court of appeals that both Heritage Mutual Insurance Company and Edward and Lois Koenigs have standing to appeal and, accordingly, they are proper parties on this review.

The substantive question is whether Prudential's policy affords coverage for the accident. Consistent with the rationale of *Bankert, supra,* we conclude that it does not. Here, of course, the location of the occurrence is not a factor. All liability for bodily injury is excluded if such injury arises "out of the ownership, maintenance, operation, use, loading or unloading of: (2) any motor vehicle" wherever it occurs, except for certain vehicles not subject to registration.

We assume, as we did in *Bankert,* that the Koenigs were negligent in respect to the entrustment of the vehicle to their son or were negligent in respect to their control over him. Nevertheless, because the injuries were in fact dependent upon the negligent operation of a motor vehicle by Joseph, they are injuries that are the consequence (or to use the terms of this particular policy) or arise "out of the ownership, maintenance, operation, use, loading or unloading" of a motor vehicle.

As explained in *Bankert,* the negligence of the parents of Joseph Koenigs constitutes an actionable tort for which a recovery can be had only when viewed in conjunction with the negligence of Joseph in respect to the automobile accident. The coverage afforded by the homeowners liability policy is excluded under the facts of this case. Our holding is controlled by the rationale of *Bankert.*

*By the Court.*—Decision of the Court of Appeals is affirmed.