AMERICAN UNIVERSAL INSURANCE
COMPANY

v.

**Aarne M. CUMMINGS, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 15, 1983.

Decided May 22, 1984.

Eaton, Peabody, Bradford & Veague, By: Clare Hudson Payne (orally), John A. Cunningham, John E. McKay, Bangor, for plaintiff.

Wheeler, Arey & Millett, P.A., By: Vernon I. Arey (orally) (for Aarne & Sonja Cummings), Waterville, Richard S. Sterns, (for Simonds) Skowhegan, for defendants.

Before McKUSICK, C.J., NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

ROBERTS, Justice.

American Universal Insurance Company appeals from a judgment of the Superior Court, Somerset County, declaring that it had a duty to defend and indemnify its insureds, Edward and Lucille Simonds, against the personal injury action brought by Aarne and Sonja Cummings. American argues that the Cummingses' claim against the Simondses is excluded from the Simondses' homeowner's policy because it arises out of the operation of a motor vehicle owned by them. We agree with American and accordingly reverse the judgment below.

On September 8, 1978, David Simonds, age 19, was driving a 1973 Chevrolet Vega when it collided with a Jeep driven by Aarne M. Cummings, injuring Cummings and his wife, Sonja. David's parents, Edward and Lucille Simonds, were the owners of the 1973 Chevrolet Vega. The Cummingses filed suit against David, Edward and Lucille Simonds on November 23, 1979 (CV 79-251). They sought damages for their respective personal injuries, loss of services and comfort of each spouse by the other, and loss of the Jeep. In two counts they allege the negligence of Edward and Lucille in entrusting the Vega to David and in failing to insure he would not drive it.

At the time of the accident, the 1973 Vega was not insured. American is the

underwriter of a homeowner's policy issued to Edward and Lucille Simonds. The Simondses demanded that American defend in the personal injury action and indemnify them should they be held liable. On January 14, 1982, American filed this declaratory judgment action against the Cummingses and the Simondses (CV 82–18). The complaint requested judgment as to whether there was a duty to defend and indemnify the Simondses. American moved for summary judgment pursuant to M.R.Civ.P. 56. The court denied American's motion and ordered summary judgment for the defendants and declared that the appellant had a duty to defend and to indemnify the Simondses.[1]

Although the parties dispute much of the factual background of the underlying lawsuit, there is no genuine issue as to any facts material to decision of the declaratory judgment action. Applying well established principles, we compare the allegations contained in the Cummingses' complaint in CV 79–251 with the terms of the Simondses' homeowner's policy. If any set of facts susceptible of proof within the allegations contained in the complaint would fall within the duty to indemnify, then the insurer has a duty to defend. *Baybutt Construction Corp. v. Commercial Union Ins. Co., supra; Union Mutual Fire Ins. Co. v. Inhabitants of Town of Topsham, supra; Travelers Indemnity Co. v. Dingwell*, 414 A.2d 220 (Me.1980). In this case we are called upon to interpret the following exclusion from personal liability coverage, "Coverage E":

This policy does not apply:

1. Under Coverage E—Personal Liability ...:

   a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

(1) ...

(2) any motor vehicle owned or operated by, or loaned to any insured....

American relies upon a substantial line of cases exemplified by *Cooter v. State Farm Fire & Casualty Co.*, 344 So.2d 496 (Ala.1977), and *Barnstable County Mutual & Fire Insurance Co. v. Lally*, 374 Mass. 602, 373 N.E.2d 966 (1978). The defendants in turn cite cases representative of at least six different jurisdictions, such as *Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974); *Republic Vanguard Ins. Co. v. Buehl*, 295 Minn. 327, 204 N.W.2d 426 (1973).[2] For a comprehensive analysis of cases dealing with this particular exclusion, see Annot., 6 A.L.R. 4th 555 (1981).

We see no reason to add any detailed analysis of the problem. We think the *Cooter* line of cases is more in accord with our own approach to coverage questions. The defendants seem to suggest that the policy exclusion is applicable only to claims based upon a *theory* of liability which requires proof of ownership or control of a motor vehicle. They point out that "negligent entrustment" and "failure of supervision" are theories of liability which need not necessarily be based upon proof of ownership or control of an automobile. We think, however, that the exclusion here in question is not based upon the theory of liability inherent in a claim. Rather, the policy is said to not apply to any claim regardless of the theory of liability when that claim is for bodily injury arising out of operation of any motor vehicle owned by

---

1. We have repeatedly cautioned against prematurely deciding the issue of indemnification. *See, e.g., Baybutt Construction Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914, 924–25 (Me.1983); *Union Mutual Fire Ins. Co. v. Inhabitants of Town of Topsham*, 441 A.2d 1012, 1016 n. 2 (Me.1982); *American Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247, 250 (Me.1977).

2. We consider the defendants' reliance upon *McDonald v. Home Insurance Co.*, 97 N.J.Super. 501, 235 A.2d 480 (App.Div.1967) to be misplaced because the case is factually distinguishable.

the insured.[3] We think this is the plain meaning of the exclusion and we do not think that meaning is at all contrary to any reasonable expectation of the insured. Accordingly, we reverse the judgment of the Superior Court.

The entry is:

Judgment reversed.

Case remanded to the Superior Court for entry of a judgment declaring that the plaintiff has no duty to defend in CV 79–251.

All concurring.

---

**3.** We express no opinion whether the exclusion must of necessity be applicable to every claim based upon negligent entrustment.