ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Appellant,

v.

PIONEER AREA VOCATIONAL–TECHNICAL SCHOOL, VO–TECH DISTRICT NO. 13, Appellee.

No. 78456.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 9, 1993.

Certiorari Denied April 20, 1993.

---

9. *Walker*, 836 P.2d at 1293.

Reggie N. Whitten, Glynis C. Edgar, Gary D. Roper, Oklahoma City, for appellant.

Gary L. Bracken, Ponca City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Appellee, Pioneer Area Vocational–Technical School, Vo–Tech District No. 13 (Pioneer), acting through its School Board, caused an election to be conducted for the purpose of approving or rejecting a bond issue to obtain funds to remodel and expand its facilities. At the election a total of 4,409 votes were cast, 2,321 of which were in favor of the bond issue, and 2,088 of which were opposed. This was more than a simple majority, but less than a 60% favorable vote. The bond issue was approved by the Attorney General.

After the bonds were sold, but before construction had commenced, a group of citizens filed a class action against Pioneer seeking a declaratory judgment that the bond issue had failed because it did not receive a favorable vote of 60% or more of the votes cast at the election as required by Article X, Section 26 of the Oklahoma Constitution, together with 70 O.S.1991 § 15–103, and to enjoin the construction of the facilities. Monetary damages were not sought. The court entered summary judgment in favor of Pioneer and against the class. That judgment is not involved in this appeal.

Pioneer had a professional liability insurance policy in effect with Appellant, St. Paul Fire and Marine Insurance Company (St. Paul), when the class action was filed. Pioneer contacted St. Paul requesting a defense in the class action at St. Paul's expense under the policy. The request was denied.

When St. Paul refused to defend Pioneer, it took the position that the policy provided no coverage for such a defense. It argued the policy only protected Pioneer against liability it was "legally required to pay", that the class litigation was an action seeking only declaratory and injunctive relief, and was not a "covered claim". St. Paul then filed this action, seeking a declaratory judgment that it had no duty to defend Pioneer in the class action.

The parties filed cross motions for summary judgment. The trial court sustained Pioneer's motion, denied St. Paul's motion, and entered judgment for Pioneer in the amount of $13,099.92, the amount of attorney's fees and costs incurred by Pioneer in the class litigation.

The policy provision relating to costs of defense is as follows:

*Legal costs and related expense.* We'll defend any suit brought against you or any protected person for covered claims, even if the suit is groundless or fraudulent.

The policy provision describing "What This Agreement Covers" contains the following:

This agreement protects against losses and expenses that occur when claims or suits are brought against you or any protected person for a *wrongful act* based on:

An error or omission.

Negligence.

Breach of duty. Or

Misstatement or misleading statement.

All such acts or omissions will be referred to as 'wrongful acts' in this agreement.

This protection applies even if a claim is:

groundless or fraudulent; or

brought solely because a person holds or held a position on the board of education or is protected under the Optional employee protection section. (Emphasis added).

Both parties agree that this is not a case involving Pioneer's liability to pay damages which St. Paul is required to cover under the policy. At issue is the question of whether, under this policy, St. Paul's duty to defend Pioneer in the class action arose under the circumstances of this case.

Nowhere in the policy exclusions [1] is there any reference to non-monetary judgments entered against Pioneer. The policy also provides coverage, as shown above, for defense of suits found to be "groundless ...", as is the case here.

St. Paul contends an action seeking declaratory judgment and injunctive relief only, seeks a determination of rights and is not an action requiring the adjudication of Pioneer's liability; and, the policy provides coverage only for Pioneer's liability for its wrongful acts, and it has no duty to defend such an action because it could not be liable under the policy for any recovery against Pioneer in this type of suit. It cites *Torres v. Sentry Insurance*, 558 P.2d 400 (Okl. 1976), for the rule that "a liability insurer is not obligated to defend an action against its insured where the insurer would not be liable under its policy for any recovery in such suit." However, as shown in *Conner v. Transamerica Insurance Company*, 496 P.2d 770 (Okl.1972), the Supreme Court distinguished between the exclusive language in the liability provision, and the inclusive language in the defense of suit provision of the policy.[2] This distinction is even recognized in *Massachusetts Bay Insurance Company v. Gordon*, 708 F.Supp. 1232 (W.D.Okl.1989), a case citing *Torres*, supra, and which also determined there was no duty to defend on the part of the insurance company. The Court stated, at page 1234, in response to the insured's citation of *Conner* for the proposition that the duty to defend continues until an insured's conduct is adjudged to be within a policy exclusion:

> However, in *Conner*, the duty to defend was not made expressly conditional by the policy terms on the occurrence of an event for which coverage would apply, as

it is in the instant case. Therefore *Conner* is inapplicable.

*Conner* teaches that the policy language in each of the provisions will be construed separately. It further reiterates the standard for construing such language, i.e., "words of inclusion are liberally construed in favor of the insured and words of exclusion are strictly construed against the insurer."

In the instant case, the alleged "wrongful acts" of Pioneer under the policy for which coverage exists, include its "error" in declaring the bond election valid, and its alleged "breach of duty" to taxpayers of the district for using the bond money without authority.

The trial court found in the present case that the facts in the class action render it a "covered claim" under the policy. In a minute order, the trial court determined the insurance contract was unambiguous and made the following findings:

> 4. In contruing (sic) the terms of the present contract, the Court finds that in specifying what claims are covered, the contract plainly and clearly states that both losses and expenses that occur when any claim is brought based upon an error, omission, negligence, breach of duty or misleading statement are covered by the policy. These acts or omissions are also referred to as 'wrongful acts'. Applying this plain language to the facts in *Brown* [the class action], the Court finds tyhat (sic) attorney fees were an expense of defense that occurred as a result of the fact that a claim was brought against the school district for a wrongful act based upon the district erroneously relying upon Article X, Section 9B(C) of the Constitution in declaring that the vote on the bond issue was valid.

**1.** Excluded under the policy are claims relating to: Bodily injury or property damage; personal injury; pollution or contamination; lack of insurance coverage or limits; back pay; amounts assumed under a contract; investment or inadequacy of assets of pension or savings plan; desegregation; dishonest acts; fines or penalties; and other insurance.

**2.** The policy language in *Conner* specifically excluded from its coverage "any dishonest, fraudu-

lent, criminal or malicious act of omission of any insured, partner or employee." However, the provision regarding the defense of lawsuits provided that the company "shall defend any suit against the insured *alleging such act or omission* and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false, or fraudulent; ...."

It is this Court's opinion that the *Brown* lawsuit [the class action] was a covered claim as defined by the terms of the contract.

5. The policy also states that St. Paul will defend any suit brought against PAVT or any protected person for covered claims. In giving the words in this section plain and ordinary meaning the Court finds that any suit will be defended if it is for a covered claim. And as determined above, *Brown* [the class action] cause of action was a covered claim.

6. ... [A]s both parties have stated in their briefs, the issue of liability is separate and distinct from the duty to defend and it is this court's opinion that whether or not there was a covered liability is not an issue in the present lawsuit.

7. Finally, a policy's words of inclusion are to be liberally construed in favor of the insured and its words of exclusion are strictly construed against the insurer. *Conner v. Trans–America Insurance Company*, 496 P.2d 770 (Okla.1972) (sic) The Court finds that nowhere in the scope provision, the legal costs and related expenses provision, or the exclusions is there any language excluding the defense costs of a lawsuit involving non-monetary damages....

St. Paul alleges the trial court erred in allowing the admission of parol evidence to construe the insurance contract. It contends Pioneer submitted an affidavit from the owner of an insurance agency who had reviewed the subject policy and who gave his opinion of the common practice in the insurance industry. St. Paul claims that without the improperly admitted affidavit, the trial court would not have made the finding that St. Paul would have a duty to defend in the absence of a non-monetary damage exclusion provision in the policy. St. Paul also points out that the trial court found the policy to be unambiguous, requiring that a policy's terms and words must be accepted in their plain, ordinary and popular sense.

It is our opinion that the trial court, as does this Court, would have reached the decision it did without the affidavit. The trial court found that the policy's terms were clear. The trial court also found that the class action was a covered claim under the plain meaning of the policy's terms. Assuming, as we do, that this is a correct finding, then, we agree that, to avoid liability, it would then be necessary to specifically exclude non-monetary judgments under the defense of suit provision.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.