Gary PHILLIPS, father and next friend of Michelle Dawn Phillips, a female minor child under the age of eighteen (18) years, Plaintiff/Appellant,

v.

The ESTATE OF Rocky Paul GREENFIELD, Deceased, Ricky P. Greenfield, individually, and Ronald Curtis Underwood, individually, Defendants,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, and/or State Farm General Insurance Company, an Illinois corporation, Garnishee/Appellee,

v.

MID–CENTURY INSURANCE COMPANY, Intervenor/Appellant.

No. 72,060.

Supreme Court of Oklahoma.

Sept. 21, 1993.

James M. Levine, James M. Levine, P.C., Oklahoma City, for appellant Phillips.

W.R. Cathcart, Allison A. Herzfeld, Cathcart, Gofton & Stratton, Oklahoma City, for appellee State Farm.

John F. Percival, Culp, Heath, Sushnik & Percival, Oklahoma City, for appellant Mid–Century.

LAVENDER, Vice Chief Justice.

We decide here whether language of a motor vehicle exclusion in a homeowner's insurance policy excludes liability coverage for bodily injury and medical payments for a motorcycle-automobile accident where the claim against the insured is based on the theory of negligent supervision of or failure to control a child. We hold the exclusion precludes coverage.

## FACTS AND PROCEDURAL HISTORY

The following facts are either agreed to by the parties or the record shows they are undisputed. Ricky Greenfield (Greenfield) owned a motorcycle. He allowed his son, Rocky Greenfield (Rocky), 15 years old, to operate it only on the Greenfield's property and under the supervision of Greenfield or Rocky's mother. Rocky was an unlicensed driver. Greenfield kept the motorcycle padlocked in a shed. · Prior to the accident Greenfield had transferred auto insurance covering the motorcycle to another vehicle, with the result the motorcycle was not covered by automobile liability insurance. Garnishee/appellee, State Farm General Insurance Company and/or State Farm Fire

and Casualty Insurance Company (State Farm) carried the auto insurance on Greenfield's other vehicles and also the Greenfield's homeowner's insurance policy. Both Greenfield and Rocky were insureds under the policy.[1]

In late 1986, without parental permission, Rocky took the keys to the shed and motorcycle, which were kept on a key rack in an open and obvious place of the Greenfield home, and took plaintiff/appellant, Michelle Dawn Phillips (Phillips), a minor, for a ride on the motorcycle on a public road. The motorcycle and a car collided. Rocky was killed and Phillips injured.

Phillips, by her father, sued Rocky's estate and Ronald Curtis Underwood, the driver of the auto involved in the accident, but the claims against them were dismissed by Phillips without prejudice. Phillips also sued Greenfield for negligent entrustment and on allegations he rendered the motorcycle accessible to Rocky. In an amended petition, Phillips alleged negligence against Greenfield for leaving the motorcycle keys in an "open and obvious place thereby rendering them accessible to [Rocky]." (O.R. 9)

A judgment was rendered against Greenfield based on his confession. Phillips then brought a garnishment proceeding against State Farm based on the Greenfield's homeowner's policy. State Farm denied liability arguing the policy excluded coverage for bodily injury arising out of the ownership, maintenance, use, loading or unloading of a motor vehicle owned or operated by an insured. (State Farm Homeowners Policy, Section II Exclusions, (1)(e)(2), (O.R. 73).[2]

Appellant, Mid–Century Insurance Company (Mid–Century), Phillips' automobile liability insurer, intervened based on its subrogation claim to $20,000 paid to Phillips pursuant to the uninsured motorist provisions of the automobile policy.

State Farm moved for and was granted summary judgment. Phillips and Mid–Century appealed arguing the claim against Greenfield in the amended petition was for negligent supervision of or failure to control a child and that such claim was not excluded from coverage. State Farm countered that the claim, rather than being based on the legal theory of negligent supervision, was really one for negligent entrustment subject to a specific separate exclusion in the policy. It also argued, even assuming the claim against Greenfield was for negligent supervision the general motor vehicle exclusion found in the State Farm Homeowners Policy, Section II Exclusions, (1)(e)(2), excluded coverage.

The Court of Appeals affirmed summary judgment for State Farm. They held the amended petition was inadequate to state a claim for negligent supervision and also that the policy's exclusion for motor vehicles in clear and unambiguous language excluded coverage under any theory of recovery, whether the claim was based on negligent entrustment or negligent supervision of a child. We granted certiorari. In that we, like the Court of Appeals, hold the policy excludes coverage for negligent supervision of a child under the undisputed facts, we find it unnecessary to decide if that court correctly determined the amended petition was insufficient to state a claim for negligent supervision. For purposes of our opinion we assume Phillips stated a claim against Greenfield for negligent supervision of or failure to control a child.[3]

---

**1.** State Farm Homeowners Policy defines insured in pertinent part as, "[y]ou and if residents of your household ... your relatives ...." (O.R.62) O.R. refers to the original record.

**2.** That the motorcycle is a motor vehicle under the terms of the policy is not disputed by the parties.

**3.** Phillips and Mid–Century acknowledge in their July 1, 1991 Petition for Certiorari at page 4, that the instant matter "[I]s not a lawsuit for negligent entrustment." If they had argued negligent entrustment was the theory under which Greenfield was sued, State Farm Homeowners Policy, Section II, Exclusions, (1)(f)(3), specifically excludes from coverage personal liability or medical payments to others for, **"[B]odily injury** ... arising out of the entrustment by an **insured** to any person any of the following: ... a motor vehicle ...." (bolding in original)

MOTOR VEHICLE EXCLUSION IN HOMEOWNER'S INSURANCE POLICY APPLIES TO A CLAIM BASED ON THE THEORY OF NEGLIGENT SUPERVISION

The exclusion pertinent to this case states as follows:

1. Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to:

. . . . .

e. **bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading or unloading of:

. . . . .

(2) a **motor vehicle** owned or operated by or rented or loaned to an **insured**;

. . . .

(bolding in original)

Boiled down appellants argue the exclusion does not preclude coverage where the legal theory sued upon is negligent supervision because the parents are being sued for their own negligent acts in failing to control their child even though the instrumentality causing harm was a motor vehicle. On the other hand, State Farm argues the policy language in clear and unmistakable terms excludes coverage because the injuries arose out of the use of a motor vehicle owned by and operated by an insured. We agree with State Farm.

 An insurance policy is a contract. If the terms are unambiguous, clear and consistent, they are to be accepted in their ordinary sense and enforced to carry out the expressed intention of the parties. *Dodson v. St. Paul Insurance Company*, 812 P.2d 372, 376 (Okla.1991). Whether an insurance contract is ambiguous is a matter for the court to determine as a matter of law. *Id.* When an insurance contract is susceptible of two meanings, i.e. if it is subject to an ambiguity, the familiar rule of insurance contract interpretation applies and words of inclusion are liberally construed in favor of the insured and words of exclusion strictly construed against the insurer. *All American Insurance Company v. Burns*, 971 F.2d 438, 442 (10th Cir.

1992); *Dayton Hudson Corporation v. American Mutual Liability Insurance Company*, 621 P.2d 1155, 1158 (Okla.1980). Further, parties to an insurance contract are at liberty to contract for insurance to cover such risks as they see fit and are bound by the terms of the contract and courts will not undertake to rewrite the terms thereof. *American Iron & Machine Works Company, Inc. v. Insurance Company of North America*, 375 P.2d 873, Second Syllabus (Okla.1962); *See also Torres v. Sentry Insurance*, 558 P.2d 400, 401 (Okla.1976) (same statement of law applied to preclude coverage where exclusion in homeowner's policy unambiguously excluded coverage for liability arising out of the rendering of professional services as a physician). With these principles to guide us we turn to a discussion of the substantive issue.

Although the instant issue is one of first impression in Oklahoma other jurisdictions have decided the precise question or ones similar to it. *See generally*, Annotation, *Construction and Effect of Provision Excluding Liability For Automobile Related Injuries or Damage From Coverage of Homeowner's or Personal Liability Policy*, 6 A.L.R.4th 555 (1981). We believe those courts which would deny coverage on facts similar to those before us are more persuasive. They recognize the unambiguous language of the policy excludes coverage and reach a result which follows the expressed intent of the parties at the time of contracting.

In *Bankert v. Threshermen's Mutual Insurance Company*, 110 Wis.2d 469, 329 N.W.2d 150 (1983), the Supreme Court of Wisconsin applied an exclusion in a farmowner's policy to bar coverage where a motorcycle-automobile accident involved an unlicensed 15 year old minor and legal theories based on the parents negligently entrusting the motorcycle to the son and negligently supervising him on the night of the accident. *Id.* at 151–152. The only difference in the exclusion involved in *Bankert* was that the ownership, operation, use, etc. of automobiles was excluded from coverage while away from the premises. *Id.* at

154. The court, although recognizing that the negligent entrustment or negligent supervision or failure to control theories against the parents involved separate acts of negligence, determined such negligence was nonactionable in the absence of a wrongful or negligent act of the child. *Id.* at 154. The court further reasoned the policy of insurance, rather than insuring against theories of liability, insures against occurrences or accidents occurring away from the insured premises [*Id.* at 155] and because the accident occurred away from the premises the language of the exclusion unambiguously excluded coverage. It finally went on to say:

> The parents' alleged entrustment of the motorcycle to their son or failure to control his use of the motorcycle was motor-vehicle related. If they are liable, it is not for a general failure to supervise the son, but for a failure to control his behavior in a specific respect—driving the motorcycle. .... Here, the parents' acts could not render them liable without their son's operation of the vehicle. Therefore, there is no coverage under the homeowners policy.

*Id.* at 156.

On the same day it reached decision in *Bankert* the Wisconsin Supreme Court decided *Mutual Service Casualty Insurance Company v. Koenigs*, 110 Wis.2d 522, 329 N.W.2d 157 (1983). Coverage was denied based on the same rationale as found in *Bankert* under facts virtually identical to the situation before us and based on a homeowner's policy containing virtually identical language.[4] The facts were while the parents were away their 13 year old son took the keys to a vehicle owned by the parents which were left on a key rack in the kitchen of the home. *Koenigs*, 329 N.W.2d at 158. In both cases the court recognized the allegations of negligent supervision could not be separated from the use or operation of the vehicle because the negligent acts of the parents were associated with controlling their child in his use of

the vehicles involved. *Bankert*, 329 N.W.2d at 156; *Koenigs*, 329 N.W.2d at 160.

In *Farmers Insurance Group v. Nelsen*, 78 Or.App. 213, 715 P.2d 492 (1986), *rev. denied*, 301 Or. 241, 720 P.2d 1280 (1986), the Court of Appeals of Oregon reached a similar result under a homeowner's policy with another exclusion virtually identical to the one before us and with claims based on negligent entrustment and in failing to exercise reasonable control and supervision of a minor child in his operation of a vehicle. 715 P.2d at 493. In upholding the exclusion the court said:

> Coverage does not turn on the legal theory under which liability is asserted, but on the cause of the injury.
>
> Whether or not [claimant] has a claim against the [parents] on the theories of negligent entrustment or negligent supervision has nothing to do with whether there is coverage under the policy. Because any liability the [parents] may have is due to bodily injury arising out of [the son's] use and operation of a motor vehicle, [the insurer] has no duty under [the] homeowner's policy to defend or pay a judgment.

*Id.* at 494–495. In other words, coverage under the policy depends on the scope of the risk against which the insurer agrees to provide indemnity.

The Supreme Courts of Maine and South Dakota have reached the same result where the legal theory of negligent supervision was raised against the parents. *American Universal Insurance Company v. Cummings*, 475 A.2d 1136 (Me.1984); *Great Central Insurance Company v. Roemmich*, 291 N.W.2d 772 (S.D.1980). The allegations in *Cummings* were that the parents had negligently entrusted the vehicle to their son and failed to insure he would not drive it. *Cummings*, 475 A.2d at 1136. Both courts found the language of the exclusions (again virtually identical

---

**4.** The policy in *Koenigs* excluded coverage in the following pertinent language, "[B]odily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: ... any motor vehicle owned or operated by, or rented or loaned to any insured ...." 329 N.W.2d at 159.

**1106**

to the one before us) to unambiguously preclude coverage. *Cummings*, 475 A.2d at 1137–1138; *Roemmich*, 291 N.W.2d at 774–775.

 The thread running through these decisions is that the claim of negligent supervision is intertwined with or intimately connected with the ownership or use of the motor vehicle. In our view, the situation before us is indistinguishable from the above cases. The allegations of negligent supervision or control of Rocky by Greenfield are specifically tied to the ownership and/or use of the motorcycle, to wit: not seeing to it that Rocky was adequately controlled so that he could not gain access to the shed where the motorcycle was locked up and access to the keys to both the shed and motorcycle which were kept on the same rack in the family home. Regardless of the theory of liability alleged by Phillips against Greenfield the bodily injury sued for is clearly excluded under the policy language because it is intertwined with the ownership and/or use of the motorcycle.

To hold the homeowner's policy provides coverage in this situation would expand the policy terms beyond those stated and agreed upon by the contracting parties. It would require us to rewrite the clear language of the policy or construe the plain language of the exclusion in a tortured fashion. We believe to take either of these courses would be to negate the reasonable expectations of the parties as expressed in their contract and we refuse to do so. Instead, we adhere to the unambiguous language used in the written policy of insurance which excludes coverage under the undisputed facts shown by this record.[5]

Our determination the trial court correctly granted summary judgment to State Farm is dispositive of appellants' proposition relating to an award of attorney fees to State Farm as the prevailing party in a garnishment action. 12 O.S.Supp.1986, § 1190(B)(1).

For the reasons stated, we hold the homeowner's policy excludes coverage for the motor vehicle accident under the facts revealed by this record. The decision of the Court of Appeals is **VACATED** and the judgments of the trial court are **AFFIRMED**, both as to granting of summary judgment and awarding attorney fees to State Farm.

HODGES, C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON, SUMMERS and WATT, JJ., concur.

KAUGER, J., not participating.

---

5. We note our decision should not be read to preclude the possibility that other factual situations might call for a different result than reached here. There may be situations where a motor vehicle is only in some marginal way associated with the injurious event and a different analysis might be appropriate. Such other situations are, however, not before us and any decision on them will have to await another day.