**STATE AUTO PROPERTY AND
CASUALTY INSURANCE
COMPANY, Plaintiff,**

v.

**MIDWEST COMPUTERS
& MORE, Defendant.**

No. Civ–00–1276–A.

United States District Court,
W.D. Oklahoma.

June 26, 2001.

A Michelle Campney, David A Walls, McKinney & Stringer PC, Oklahoma City, OK, for plaintiff.

Jerry J Dunlap, II, Oklahoma City, OK, for defendant.

## ORDER

ALLEY, District Judge.

This matter comes before the Court on cross-motions for summary judgment filed by plaintiff State Auto Property and Casualty Insurance Company on April 12, 2001, and by defendant Midwest Computers & More on April 13, 2001. Each party seeks a determination as a matter of law pursuant to Fed.R.Civ.P. 56 of a dispute concerning insurance coverage. For reasons below, the Court grants summary judgment to plaintiff.

### Undisputed Facts

Defendant's business is computer sales, repair and service. Plaintiff is an insurer who issued a business owners' liability policy to defendant. The policy provides coverage for "property damage" to "tangible property." The pertinent definition in the policy states:

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property . . . . ; or

b. Loss of use of tangible property that is not physically injured . . . . .

(Pl.'s Mot.Summ.J., Ex. A at 12, ¶ 12; Def.'s Mot.Summ.J., Ex. A at 12, ¶ 12.)

In 1999, William C. Spray and Patricia Spray d/b/a Spray Appraisals purchased a computer from defendant and hired defendant to perform certain computer services. The Sprays filed suit against defendant in June 2000 alleging that negligent performance of service work on the computer system had caused losses. Specifically, the petition contained two allegations con-

cerning the losses suffered: "As a result of actions taken by the Defendant's employee, the Sprays were deprived of the use of their computers," and "the Sprays lost extensive amounts of appraisal data and other business information which was [sic] stored on their computer system." (Pl.'s Mot.Summ.J., Ex. B at 2, ¶¶ 8–9; Def.'s Mot.Summ.J., Ex. B at 2, ¶¶ 8–9.) Defendant has made a claim against the policy for coverage to defend the Sprays' lawsuit and to indemnify defendant for any damages that it becomes liable to pay as a result of the lawsuit. (Am.Compl. at 2, ¶ 13.)

By this action, plaintiff seeks a declaratory judgment that its policy does not cover the Sprays' alleged loss and thus that it has no duty to indemnify or defend its insured with respect to the lawsuit. Defendant has countersued for breach of the insurance contract. By the present motions, both parties seek summary adjudication of their coverage dispute. They agree on the relevant facts and a legal issue to be decided: "Is the [Sprays'] computer data, allegedly destroyed by the acts of the Defendant, 'tangible' property within the meaning of the Defendant's insurance policy?" (Def.'s Mot.Summ.J. at 3; Pl.'s Resp. Def.'s Mot. at 2.)[1] They also agree that the dispute is governed by Oklahoma law.

After reviewing the parties' submissions, however, the Court has determined that the issue presented for decision is not dispositive and has identified additional issues for briefing by the parties: Whether a loss of use of a computer occurred and, if so, whether this loss satisfies the second part of the policy's definition of property damage. (Order of May 21, 2001.) The parties have submitted supplemental briefs on these issues. On the record presented, the Court finds that "property damage" did occur but that a policy exclusion invoked by plaintiff precludes coverage.

*Standard for Summary Judgment*

Summary judgment is appropriate if the pleadings, affidavits, and other evidence on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one that is essential to proper disposition of a claim, and a genuine issue is one that a rational trier of fact could resolve either way. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court's inquiry is whether the facts identified by the parties presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir.1997) (internal quote omitted).

*Discussion*

A. Did "Property Damage" Occur?

■ According to Oklahoma law, "[a]n insurance policy is a contract. If the terms are unambiguous, clear and consistent, they are to be accepted in their ordinary sense and enforced to carry out the expressed intentions of the parties." *Phillips v. Estate of Greenfield*, 859 P.2d 1101, 1104 (Okla.1993). Here, the parties ask the Court to decide the meaning of a single term, "tangible property;" no ambiguity in the policy is alleged or presented. Were the Court to decide this question, it would conclude that computer data is intangible, not tangible, personal property. "Terms of an insurance policy must be considered not in a technical but in a popular sense, and must be construed according to their plain, ordinary and accepted sense in the

---

1. Plaintiff alternatively proposes a second issue, discussed in Part B: If "property damage" occurred, is coverage unavailable due to a policy exclusion? (Pl.'s Mot.Summ.J. at 8–10.)

common speech of men, unless it affirmatively appears from the policy that a different meaning was intended." *Webb v. Allstate Life Ins. Co.,* 536 F.2d 336, 339 (10th Cir.1976). Ordinary meanings of "tangible," according to a commonly used English dictionary, include:

> capable of being perceived esp. by the sense of touch: PALPABLE[;] ... capable of being precisely identified or realized by the mind[;] ... capable of being appraised at an actual or approximate value (ˉassets).

Webster's Ninth New Collegiate Dictionary, at 1205 (1985). None of these definitions fits data stored on a computer disk or tape. Although the medium that holds the information can be perceived, identified or valued, the information itself cannot be. Alone, computer data cannot be touched, held, or sensed by the human mind; it has no physical substance. It is not tangible property.

 This issue is not dispositive, however, of whether the Sprays' lawsuit seeks damages because of "property damage." The parties ignore the second part of the policy's definition of that term, which includes "loss of use of tangible property." (Pl.'s Mot.Summ.J., Ex. A at 12, ¶ 12; Def.'s Mot.Summ.J., Ex. A at 12, ¶ 12.) The Sprays plainly allege in their state court petition that defendant's negligence caused a loss of use of their computers. (Pl.'s Mot.Summ.J., Ex. B at 2, ¶ 8; Def.'s Mot.Summ.J., Ex. B at 2, ¶ 8.) Similarly, before filing suit, the Sprays' attorney sent defendant a demand letter that chronicled their version of events. In the letter, which defendant forwarded to plaintiff, the attorney states: "Unfortunately, the Sprays were left without the use of their computers." (Pl.'s Mot.Summ.J., Ex. C at 2, ¶ 4.) Plaintiff's contention that it is unaware of any allegation that the Sprays lost use of their computers is, therefore, untenable. Because a computer clearly is

tangible property, an alleged loss of use of computers constitutes "property damage" within the meaning of plaintiff's policy.

**B. Does an Exclusion Apply?**

The conclusion that property damage occurred requires consideration of an alternative ground urged by plaintiff for a declaration that its policy does not cover the Sprays' lawsuit. Plaintiff invokes a policy exclusion for property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." (Pl.'s Mot.Summ.J., Ex. A at 4, ¶ k(6); Def.'s Mot.Summ.J., Ex. A at 4, ¶ k(6).) By definition,

> "Your Work" means:
>
> a. Work or operations performed by you or on your behalf; and
>
> b. Materials, parts or equipment furnished in connection with such work or operations.
>
> "Your Work" includes:
>
> a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
>
> b. The providing of or failure to provide warnings or instructions.

(Pl.'s Mot.Summ.J., Ex. A at 12, ¶ 15; Def.'s Mot.Summ.J., Ex. A at 12, ¶ 15.) Plaintiff argues that any property damage that occurred affected property that allegedly had to be restored, repaired, or replaced because defendant performed work on the property and allegedly did its work incorrectly. On its face, this exclusion seems to apply to the Sprays' allegations that defendant's negligent performance of service work caused them to lose the use of their computers. They allege in the lawsuit that they will "be forced to expend several thousand dollars to restore their business computer system to the level of

functionality they contracted with Defendant to obtain and to 'reassemble' and 'retrieve' the information and data lost." (Pl.'s Mot.Summ.J., Ex. B at 3, ¶ 10; Def.'s Mot.Summ.J., Ex. B at 3, ¶ 10.)

██ In response, defendant invokes another part of the cited exclusion, which provides that it "does not apply to 'property damage' included in the 'products-completed operations hazard'." (Pl.'s Mot. Summ.J., Ex. A at 4, ¶ k; Def.'s Mot. Summ.J., Ex. A at 4, ¶ k.) The policy defines "Products—Completed Operations Hazard" to include "all ... 'property damage' arising out of ... 'your work' except ... [w]ork that has not yet been completed or abandoned." (Pl.'s Mot.Summ.J., Ex. A at 11, ¶ 11.a.; Def.'s Mot.Summ.J., Ex. A at 11, ¶ 11.a.) Thus, the "completed operations hazard" applies, and the exclusion invoked by plaintiff does not, if defendant had completed or abandoned its work when the "property damage" occurred. In this regard, the part of the policy concerning "completed operations hazard" provides:

"Your work" will be deemed completed at the earliest of the following times:

 (1) When all of the work called for in your contract has been completed.
 (2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.
 (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(Pl.'s Mot.Summ.J., Ex. A at 11, ¶ 11.b.; Def.'s Mot.Summ.J., Ex. A at 11, ¶ 11.b.)

██ Defendant's argument that the completed operations hazard applies hinges on a contention that the "property damage" at issue is lost computer data and that defendant's employees had completed their work when this loss occurred. (Def.'s Resp. Pl.'s Mot.Summ.J. at 3.) However, the "property damage" that occurred is the Sprays' loss of use of their computers. The Sprays' allegations make clear that this loss happened before defendant had completed its work. They allege in the lawsuit, and state in the chronicle of events in their attorney's demand letter, that they lost use of their computers as a result of work done on August 23, 1999, but that further work on October 12, 1999, caused or revealed the loss of computer data. Accordingly, the "completed operations hazard" provision of the policy does not apply to the applicable "property damage," and the exclusion cited by plaintiff prevents coverage of the Sprays' loss.

██ The Court notes that the parties address only the allegations of the Sprays' lawsuit and do not distinguish between plaintiff's separate duties of defense and indemnity. "An insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to *the potential of liability* under the policy." *First Bank v. Fidelity & Deposit Ins. Co.*, 928 P.2d 298, 303 (Okla.1996) (emphasis in original; footnote omitted). This duty is broader than the duty to indemnify. *Id.* Because the Sprays' allegations do not show asserted liability within the coverage of the policy, plaintiff has no duty to defend its insured and, consequently, would have no duty to indemnify defendant. The Sprays' recovery, even if their allegations are proved, would not be covered under the policy.

Therefore, under the undisputed facts and record presented, plaintiff's insurance policy does not cover defendant's claim

concerning the loss of computer use and computer data alleged in the Sprays' lawsuit. Plaintiff is entitled to judgment as a matter of law on the coverage issue and on defendant's counterclaim for breach of contract.

### Conclusion

Plaintiff's Motion for Summary Judgment is GRANTED; Defendant's Motion for Summary Judgment is DENIED. Judgment will be entered accordingly.